## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CAROLYN WALISER ) | |
| ) | **Case Number:** |
| Plaintiff ) | |
| ) | **Judge:** |
| v. ) | |
| ) | **Magistrate Judge:** |
| UNIFIN INC. ) | |
| (an Illinois corporation) ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

## COMPLAINT AND DEMAND
## FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff alleges Defendant violated Plaintiff's privacy when it continued to communicate with Plaintiff in an attempt to collect an alleged debt despite knowledge that Plaintiff was represented by an attorney with respect to such debt and despite knowledge that Plaintiff wished Defendant to cease and desist communicating with Plaintiff, in violation of Plaintiff's civil rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides here.

## PARTIES

3. Plaintiff, Carolyn Waliser is a natural person and a citizen of the State of New Mexico.

4. Defendant, Unifin Inc. is an Illinois corporation organized and existing under the laws of Illinois with its principal place of business and corporate offices in Niles, Illinois.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. Specifically, a Care Credit account.

10. On or before July 9, 2019, Defendant began contacting Plaintiff in an attempt to collect the alleged debt.

11. On July 19, 2019, Plaintiff's attorney provided correspondence to Defendant. A copy of the July 19, 2019 correspondence and fax verification report is attached hereto as Exhibit "A".

12. The July 19, 2019 correspondence informs Defendant that Plaintiff is represented by an attorney with respect to the alleged debt and contains the name and address of Plaintiff's attorney.

13. The July 19, 2019 correspondence informs Defendant that Plaintiff is a senior, veteran and / or disabled individual whose sole source of income is protected by federal law.

14. The July 19, 2019 correspondence informs Defendant that Plaintiff wishes Defendant to cease further communication with Plaintiff.

15. On August 19, 2020, Defendant sent a demand for payment directly to Plaintiff. A copy of the demand for payment is attached hereto as Exhibit "B".

16. Accordingly, on September 2, 2020, Plaintiff's attorney had to inform, Defendant again in writing that Plaintiff was represented by an attorney with respect to the alleged debt and wished Defendant to cease further communication with Plaintiff. A copy of the September 2, 2020 correspondence and fax verification report attached hereto as Exhibit "C".

17. "[T]he FDCPA's statutory findings explicitly identify 'invasions of individual privacy' as one of the harms against which the statute is

directed." *Hunstein v. Preferred Collection & Mgmt. Servs.*, 994 F.3d 1341, 1347 (11th Cir. 2021) (citing 15 U.S.C. § 1692(a)); *see also Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014) (noting that the invasion of privacy was a core concern of the FDCPA).

18. To prevent the invasion of a debtor's individual privacy, section 1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically, section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, *see* 15 U.S.C. § 1692c(a)(2), while section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who "notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer," *see* 15 U.S.C. § 1692c(c).

19. Defendant's continued collection actions invaded Plaintiff's privacy. Plaintiff had been informed by counsel and believed that Plaintiff had the right to demand that collection communications cease and a right to privacy. Defendant's collection communications made Plaintiff believe that Plaintiff's demands had been futile and that Plaintiff did not have the rights that Congress had granted Plaintiff under the FDCPA. Defendant's collection actions resulted in a direct invasion of Plaintiff's legally-protected right to be left alone and Plaintiff's right to privacy – rights granted to consumers under section 1692c of the FDCPA. Moreover, Plaintiff

had to go to the trouble and expense of having Plaintiff's counsel send yet another letter to Defendant to tell Defendant to leave Plaintiff alone.

20. Defendant's actions caused Plaintiff to question whether Plaintiff's counsel had done its job, whether Plaintiff had the right to be left alone, and whether Plaintiff had the right to be represented by counsel – all of which upset, distressed and alarmed Plaintiff.

21. Defendant's actions were willful.

## COUNT I
## COMMUNICATING WITH A REPRESENTED CONSUMER IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(a)(2)

22. Plaintiff incorporates Paragraphs 1 through 21 above as if fully set forth herein.

23. Defendant communicated with Plaintiff in connection with the collection of an alleged debt despite knowledge that Plaintiff was represented by an attorney with respect to such debt and knowledge of such attorney's name and address in violation of 15 U.S.C. § 1692c(a)(2).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO CEASE AND DESIST COMMUNICATION IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(c)

24. Plaintiff incorporates Paragraphs 1 through 21 above as if fully set forth herein.

25. Defendant continued to communicate with Plaintiff with respect to the alleged debt after being notified that Plaintiff wished Defendant to cease further communication with Plaintiff in violation of 15 U.S.C. § 1692c(c).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Kimberly H. Wochholz
Kimberly H. Wochholz
Fla. Bar # 0092159
Admitted in the Northern District of Illinois
The Consumer Rights Law Group
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 413-5710
Fax: (866) 535-7199
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*